Entered on Docket
February 21, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: February 20, 2008

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 08-40377 EDJ

ROSE FERRILL,                            Chapter 13

                    Debtor./

MEMORANDUM RE: DISMISSAL

On January 31, 2008, this court issued an Order to Appear and Show Cause. Under that order, debtor Rose Ferrill ("Debtor") was required to appear and show cause why the above-captioned case should not be dismissed on the ground that she filed it in bad faith. See Bankruptcy Code § 1307(c); In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999) (holding that a debtor's bad faith is "cause" for dismissal under Bankruptcy Code § 1307(c)).

The court heard the matter on February 14, 2008. Debtor appeared to oppose dismissal. Chapter 13 Trustee Martha Bronitsky appeared to support dismissal. For the reasons stated below, the court will dismiss this case, with prejudice.

MEMORANDUM RE: DISMISSAL

Debtor filed the above-captioned case on January 28, 2008. This is Debtor's fourth case within one year. Filed with the petition was a letter from James Dubose, Debtor's son and the debtor in case #06-41722 in this court. The letter advised the court that, on the eve of the filing of this case, Dubose had transferred several parcels of real property to Debtor via quitclaim deed. It is unknown to the court whether these properties were still part of Dubose's bankruptcy estate at the time of the purported transfer. Regardless, lienholders on these properties had already received relief from the automatic stay provided by Bankruptcy Code § 362(a) at the time of the transfer and Debtor's latest bankruptcy filing.

At the hearing on February 14, 2008, the court questioned Debtor about these properties. She did not deny that Dubose had transferred them to her on the eve of her bankruptcy filing. Debtor's argument is that, since she had previously paid some of the expenses on these properties and currently lived in one of them, the transfers were not made in bad faith.

Even if the facts presented by Debtor are true, they are irrelevant. Debtor provided no evidence that she filed this bankruptcy petition for a purpose other than mere delay. Nor did she show that she had the ability to fund a chapter 13 plan, that she had paid any consideration to acquire the properties in question, or that there were any other equities that might justify the filing.

///

///

MEMORANDUM RE: DISMISSAL 2

The court will dismiss Debtor's case with prejudice as a bad
faith filing, and will issue its order so providing.

                              **END OF ORDER**

MEMORANDUM RE: DISMISSAL                   3

|  |  |
|---|---|
| 1 | <u>COURT SERVICE LIST</u> |
| 2 |  |
| 3 | ALL RECIPIENTS |

MEMORANDUM RE: DISMISSAL                    4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612